1  PACIFIC TRIAL ATTORNEYS
2  A Professional Corporation
   Scott J. Ferrell (State Bar No. 202091)
3  sferrell@pacifictrialattorneys.com
   4100 Newport Place Drive, Ste. 800
4  Newport Beach, CA 92660
   Tel: (949) 706-6464
5  Fax: (949) 706-6469

6  *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CARROLL, individually and on behalf of all others similarly situated, | Case No.: 2:22-cv-9109-SPG-AGR |
| Plaintiff, | **PLAINTIFF'S NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** |
| v. | |
| PELOTON INTERACTIVE, INC., a Delaware corporation, d/b/a ONEPELOTON.COM; and DOES 1 through 25, inclusive, | |
| Defendants. | |

TO THE COURT, CLERK AND ALL PARTIES OF RECORD, please take notice that Plaintiff Keith Carroll ("Plaintiff") hereby dismisses the instant action against Defendants Peloton Interactive, Inc., d/b/a Onepeloton.com and Does 1 through 25 ("Defendants") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure *with prejudice* as to the Plaintiff's individual claim, each side to bear its own costs, and *without prejudice* as to the putative class members.

Pursuant to Rule 23(e), "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

In this instance, the *Diaz* factors weigh in favor of dismissal of Plaintiff's individual claim with prejudice. First, it is the Plaintiff's counsel's understanding that this action has not been publicized in any way and as such, the putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. Similarly, Plaintiff's counsel is unaware of any other circumstances that may have led to the putative class's knowledge of, or reliance upon, this action.

Second, the statute of limitations in this action is not approaching. Plaintiff's claim was filed in December 2022 and as such, based on the two-year statute of limitations for the claim alleged in this action, the statute of limitations shall not run until December 2024. As such, the rights of the putative class members are not impaired by the solely individual dismissal of Plaintiff's claim with prejudice.

Lastly, Plaintiff and his counsel made no settlement or concession of class interests in connection with this dismissal of Plaintiff's individual claim.

///
///
///
///
///

1  An evaluation of the foregoing Diaz factors weigh in favor of dismissal of Plaintiff's individual
2  claim with prejudice, and dismissal of the claims of putative class members without prejudice.
3                                      Respectfully submitted,
4  DATED: March 15, 2023              **PACIFIC TRIAL ATTORNEYS, APC**
5
6                                      By:  */s/ Scott J. Ferrell*
7                                           Scott J. Ferrell
                                             Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2023, I electronically filed the foregoing **PLAINTIFF'S NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

DATED: March 15, 2023                         By:    */s/ Scott J. Ferrell*
                                                                   Scott J. Ferrell